GUOFENG LI, ESQ. (CA343936)
VIP LAW GROUP PC
Email: LAWYERLI.CHRIS@GMAIL.COM
855 CONKLIN STREET STE S
FARMINGDALE, NY 11735
Telephone No.: (516) 808-6266
Attorney for Plaintiff DONGYAN LIN

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**DONGYAN LIN**,

*Petitioner-Plaintiff,*

*v.*

**MARKWAYNE MULLIN** , Secretary of the U.S. Department of Homeland Security, in their official capacity;

**TODD BLANCHE** , Attorney General of the United States, in their official capacity;

**DAVID VENTURELLA** , Acting Director of U.S. Immigration and Customs Enforcement, in their official capacity;

**THOMAS GILES** , Los Angeles ICE Field Office Director, in their official capacity;

**FERETI SEMAIA** , Warden of Adelanto ICE Processing Center, in their official capacity.

*Respondents-Defendants.*

Case No. ________________________

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; 8 U.S.C. §§ 1225, 1226; APA 5 U.S.C. § 706; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Petitioner DONGYAN LIN is a 51-year-old citizen of China who was inspected and **lawfully admitted** to the United States on a B-2 visa on January 8, 2026, through the Los Angeles International Airport port of entry. She applied for asylum with U.S. Citizenship and Immigration Services ("USCIS") in early July 2026, based on a forced abortion inflicted on her by Chinese family-planning officials in August 2002 and on her Christian faith, which she has practiced openly since her arrival in the United States. Her application remains pending. She has no criminal history of any kind.

2. On the morning of August 11, 2026, Ms. Lin appeared—exactly as USCIS's own written notice directed her to—at the USCIS Application Support Center at 17843 Colima Road, City of Industry, California, for the biometrics appointment USCIS scheduled in support of her asylum application. While she was complying with that government directive, officers of U.S. Immigration and Customs Enforcement ("ICE") arrested her. She has been held at the Adelanto ICE Processing Center ever since. She has never received a bond hearing or any individualized determination of whether her detention serves any legitimate purpose.

3. Because Petitioner was admitted, her detention is governed by 8 U.S.C. § 1226(a), the discretionary detention statute under which a noncitizen *may* be detained or *may* be released on bond or conditional parole, and under which she is entitled to request a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d). She is not an "applicant for admission" under 8 U.S.C. § 1225(a)(1), is not "seeking admission" under § 1225(b)(2)(A), and is not subject to any mandatory detention provision. Even the Executive Branch's own position and the decisions most favorable to it concede that § 1226(a) governs "admitted aliens who overstay their visas." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

4. Nevertheless, Respondents have detained Petitioner for more than two weeks without any custody review, and have treated her as though she were subject to mandatory detention—despite arresting her at the very appointment that proves her compliance. That detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Petitioner asks this Court to issue the writ and order her release under reasonable conditions or, in the alternative, to order Respondents to provide a constitutionally adequate, individualized bond hearing within seven days.

## JURISDICTION

5. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the federal habeas statute, 28 U.S.C. § 2241. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), and Article I, § 9, cl. 2 of the Constitution (Suspension Clause). The Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202.

6. Petitioner is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) because she is physically detained by Respondents at the Adelanto ICE Processing Center. Federal district courts retain jurisdiction over habeas petitions challenging the statutory and constitutional basis for immigration detention. *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Petitioner does not challenge any removal order (none exists), nor the commencement or adjudication of her removal proceedings. See 8 U.S.C. § 1252(b)(9), (g); *Jennings*, 583 U.S. at 294–95.

7. Section 1226(e) of Title 8 does not bar this action. It precludes review only of discretionary custody judgments; it does not bar challenges to "the extent of the Government's

detention authority under the ‘statutory framework’ as a whole,” nor constitutional challenges to the procedures by which detention is imposed. *Jennings*, 583 U.S. at 295–96; *Demore*, 538 U.S. at 516–17.

## VENUE

8. Venue is proper in the Central District of California because Petitioner is confined at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, within San Bernardino County, and her immediate custodian is located in this District. *Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). Venue is also proper under 28 U.S.C. § 1391(e)(1) because Respondents are officers of the United States sued in their official capacities and a substantial part of the events giving rise to this action, including Petitioner's arrest at the USCIS Application Support Center in City of Industry and her continued detention in Adelanto, occurred in this District. Assignment to the Eastern Division is appropriate under General Order 24-09 because Petitioner is detained in San Bernardino County.

## PARTIES

9. Petitioner DONGYAN LIN is a native and citizen of the People's Republic of China (A-Number 242-516-580), born in Wuxi, Jiangsu Province. She is detained at the Adelanto ICE Processing Center under the authority of Respondents.

10. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security (“DHS”) and is sued in his official capacity. He is charged with administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), oversees ICE, and is a legal custodian of Petitioner. His address is U.S. Department of Homeland Security, Washington, D.C. 20528.

11. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity. He oversees the Executive Office for Immigration Review, which conducts removal and custody-redetermination proceedings, 8 U.S.C. § 1103(g), and is a legal custodian of Petitioner. His address is U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

12. Respondent DAVID VENTURELLA is the Acting Director of ICE and is sued in his official capacity. He is responsible for the detention and custody of noncitizens in removal proceedings and is a legal custodian of Petitioner. His address is 500 12th Street, S.W., Washington, D.C. 20536.

13. Respondent THOMAS GILES is the Field Office Director of the ICE Enforcement and Removal Operations Los Angeles Field Office, which has jurisdiction over the Adelanto ICE Processing Center, and is sued in his official capacity. He has direct authority over Petitioner's detention and release and is a legal custodian of Petitioner. His address is 300 North Los Angeles Street, Room 7631, Los Angeles, California 90012.

14. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center, the facility in which Petitioner is physically confined, and is sued in his official capacity. He is Petitioner's immediate custodian. His address is 10400 Rancho Road, Adelanto, California 92301.

15. Each Respondent is sued in an official capacity only. Pursuant to Fed. R. Civ. P. 25(d), any successor to a named Respondent is automatically substituted as a party.

## STATEMENT OF FACTS

### A. Petitioner's Lawful Admission, Flight from Persecution, and Asylum Application

16. Petitioner was inspected and admitted to the United States on January 8, 2026, at the Los Angeles International Airport port of entry, as a B-2 nonimmigrant visitor, pursuant to a visa issued by the U.S. Department of State, and was issued Form I-94.

17. Petitioner was born in 1974 in Wuxi, Jiangsu Province, China. In August 2002, officials enforcing China's coercive population-control policies subjected her to an abortion by force and against her will. Congress has determined that a person who has been forced to abort a pregnancy "shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42). Since arriving in the United States, Petitioner has practiced her Christian faith openly, regularly attending services and activities at her church, deepening her fear of return to China, where unregistered religious practice is suppressed.

18. In early July 2026, within her first year in the United States, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, with USCIS, based on the forced abortion and her religious practice. USCIS issued a receipt notice (LGL2690069729). **Exhibit A.** The application remains pending; USCIS has never conducted an asylum interview.

19. By Form I-797C notice dated July 23, 2026, USCIS directed Petitioner to appear for collection of her biometrics on August 11, 2026, at 9:00 a.m., at the USCIS El Monte Application Support Center, 17843 Colima Road, City of Industry, California 91748. **Exhibit A.** The notice warned that unexcused failure to appear could result in dismissal of her asylum application, referral to an Immigration Judge, or a finding that the application had been abandoned.

20. Petitioner has never been arrested, charged with, or convicted of any offense anywhere in the world. She has never been ordered removed, has never missed an immigration appointment or hearing, and had never before been in immigration custody.

**B. Petitioner's Arrest at Her Government-Mandated Appointment and Her Detention**

21. On the morning of August 11, 2026, Petitioner appeared for her biometrics appointment as USCIS directed. While she was at the Application Support Center complying with the government's own written instruction, ICE officers arrested her. On information and belief, the officers acted without a judicial warrant and without any individualized determination that Petitioner—whose identity, residence, and pending affirmative application were all known to the government, and who was present precisely because she obeyed a government notice—was likely to escape before a warrant could be obtained. See 8 U.S.C. § 1357(a)(2). [COUNSEL: confirm arrest details, including whether any Form I-200 administrative warrant existed and was served.]

22. Petitioner was not arrested at or near a border or port of entry in connection with an attempt to enter the United States. She was arrested in the interior of the United States, seven months after her lawful admission, at a federal benefits appointment.

23. ICE transferred Petitioner to the Adelanto ICE Processing Center, where she has remained continuously detained. Exhibit B. DHS filed a Notice to Appear with the Adelanto Immigration Court, with a docket date of August 13, 2026, charging her, on information and belief, with removability under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained longer than permitted. Exhibit C. A master calendar hearing was held via internet-based hearing on August 25, 2026, before Immigration Judge Steven Marcus. Exhibit C. [COUNSEL: state the outcome of the August 25 hearing and the next scheduled hearing date.]

24. ICE has not served Petitioner with a Form I-286 Notice of Custody Determination offering release on bond or recognizance. [COUNSEL: confirm; if ICE or the Immigration Court has taken the position that she is ineligible for bond, so state, as in ¶ 39.]

25. At no time since August 11, 2026 has any neutral adjudicator considered whether Petitioner presents a danger to the community or a risk of flight, whether any such risk could be

mitigated by conditions of release, or whether her continued detention serves any legitimate governmental purpose.

26. Petitioner's detention is harming her health. She suffers from hypertension, a chronic condition requiring consistent medication, monitoring, and management of stress. Since her detention at Adelanto began, her physical and mental health have deteriorated significantly. [COUNSEL: particularize—symptoms, blood-pressure readings, medication interruptions, sleep disruption, anxiety—and support with medical records and/or declaration. Exhibits [__].]

27. If released, Petitioner will live at [ADDRESS, CITY, COUNTY]. [COUNSEL: identify sponsor/family member who will commit under penalty of perjury to transport her to every hearing, USCIS appointment, and ICE check-in, and to ensure compliance with any condition of release, including electronic monitoring; obtain declaration. Exhibit [__].] Her record demonstrates that she complies with every government directive: she was arrested only because she appeared at one.

## LEGAL FRAMEWORK

### A. The INA's Two Pre-Removal Detention Regimes

28. The INA establishes two distinct regimes for detention before entry of a removal order. Section 1225(b) governs "applicants for admission"—noncitizens "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Within that group, § 1225(b)(2)(A) requires detention of an applicant "seeking admission" whom an examining officer determines "is not clearly and beyond a doubt entitled to be admitted." Section 1226, by contrast, governs noncitizens who are already in the United States and who are charged as removable. Under § 1226(a), the Secretary "may" arrest and detain such a noncitizen

"pending a decision on whether the alien is to be removed," and "may" release her on bond or conditional parole. 8 U.S.C. § 1226(a)(1)–(2). *Jennings*, 583 U.S. at 288–90, 303.

29. A noncitizen detained under § 1226(a) may seek a custody redetermination from an Immigration Judge at any time before a final order of removal. 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1). At such a hearing the Immigration Judge considers whether the noncitizen is a danger to persons or property or a flight risk. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). Only noncitizens described in § 1226(c)—those with qualifying criminal or terrorism-related grounds—are excluded from that process. Petitioner is not described in § 1226(c).

**B. An Admitted Noncitizen Is Detained, If at All, Under § 1226(a)**

30. "Admission" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). A noncitizen who was admitted and later overstays is charged as deportable under § 1227(a)(1)(B), not as inadmissible under § 1182. She is not an "applicant for admission" under § 1225(a)(1), because she has been admitted, and she is not "seeking admission" under § 1225(b)(2)(A), because she already received it. By the statute's plain terms, § 1225(b) does not reach her, and § 1226(a) does.

31. This is not a contested proposition. In July 2025, ICE adopted interim guidance, later endorsed by the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), asserting that noncitizens who entered *without inspection* are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). That guidance and that decision are by their own terms limited to persons "present in the United States without admission." *Id.* at 216. The guidance itself recognizes that noncitizens who were admitted and are charged as deportable under § 1227 remain eligible for bond under § 1226(a). And the only court of appeals decision to have fully accepted the government's reading of § 1225(b)(2)(A) rested on precisely

that distinction: "Section 1226(a) undeniably does work independent from § 1225(b)(2)(A) because only § 1226(a) applies to admitted aliens who overstay their visas." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Second, Sixth, and Eleventh Circuits have rejected the government's reading even as to persons who entered without inspection. *Barbosa da Cunha v. Freden*, No. 25-___ (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 26-___ (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden*, No. 25-14065 (11th Cir. May 6, 2026). No court has held that a noncitizen who was inspected and admitted on a visa is subject to § 1225(b)(2)(A).

32. Whatever deference the BIA's interpretation of § 1225(b)(2)(A) might once have commanded, none is due now. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024). This Court must "exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority." *Id.* at 412. On the text, Petitioner's detention is authorized, if at all, only by § 1226(a), with the custody-review process that section and its regulations provide.

## C. The Due Process Clause Independently Requires an Individualized Custody Determination

33. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. The Clause applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693. Its protections are at their strongest for a noncitizen who, like Petitioner, was lawfully admitted and has developed ties to this country. *Landon v. Plasencia*, 459 U.S. 21, 32–34 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77–80 (1976).

34. Civil detention is constitutionally permissible only when it bears a "reasonable relation" to a legitimate, non-punitive governmental purpose—in the immigration context, preventing flight

and protecting the community—and only when accompanied by "adequate procedural protections." *Zadvydas*, 533 U.S. at 690–91; *Foucha v. Louisiana*, 504 U.S. 71, 80–81 (1992); *Demore*, 538 U.S. at 527–28. The minimum requirement is an individualized determination, by a neutral decisionmaker, of whether those purposes are actually served by detaining the particular person. *Foucha*, 504 U.S. at 81–83; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. Section 2241 contains no statutory exhaustion requirement; exhaustion in immigration habeas cases is prudential and is excused where pursuit of administrative remedies would be futile, where the administrative body lacks authority to grant the relief sought, or where irreparable injury would result from delay. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004).

36. Each ground applies. On information and belief, Respondents' position is that Petitioner is ineligible for any bond hearing, and Immigration Judges are bound by agency precedent on the question of their own jurisdiction. Neither the Immigration Court nor the BIA may declare the agency's detention policy unlawful, adjudicate Petitioner's constitutional claims, or order her release on constitutional grounds. And every additional day of administrative process is a day of unlawful confinement during which Petitioner's hypertension and mental health worsen. To the extent Petitioner has not already sought a custody redetermination from the Immigration Court, exhaustion should be excused; to the extent she has and been refused, no further administrative remedy exists.

## CLAIMS FOR RELIEF

## COUNT ONE

### Detention in Violation of the Immigration and Nationality Act

### (8 U.S.C. § 1226(a); 28 U.S.C. § 2241)

37. Petitioner realleges and incorporates the preceding paragraphs.

38. Petitioner was inspected and admitted to the United States. She is not an applicant for admission under 8 U.S.C. § 1225(a)(1), is not seeking admission under § 1225(b)(2)(A), is not an arriving alien, and is not described in § 1226(c). Her detention pending a decision on removability is governed exclusively by § 1226(a).

39. Section 1226(a) and its implementing regulations entitle Petitioner to an individualized custody determination and to request a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d).

40. Respondents have detained Petitioner as though she were subject to mandatory detention, have denied her the custody-review process that § 1226(a) provides, and have thereby detained her without statutory authority. Her detention is "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

## COUNT TWO

### Procedural Due Process — Detention Without an Individualized Custody Hearing

### (Fifth Amendment; 28 U.S.C. § 2241)

41. Petitioner realleges and incorporates the preceding paragraphs.

42. Petitioner has a fundamental liberty interest in freedom from physical confinement. The government's interest in detaining a lawfully admitted asylum applicant with no criminal history, a fixed residence, a pending application she has diligently pursued, and a perfect record of

compliance—one who was arrested at the very appointment she attended in compliance with a government notice—is minimal. The risk of erroneous deprivation under a regime that provides no hearing at all is total. Under *Mathews v. Eldridge*, 424 U.S. at 335, due process requires, at a minimum, a prompt hearing before a neutral adjudicator at which the need for Petitioner's detention is actually examined.

43. Due process further requires that, at that hearing, the government bear the burden of justifying continued civil detention by clear and convincing evidence, and that the adjudicator consider alternatives to detention and Petitioner's ability to pay any bond. *Addington v. Texas*, 441 U.S. 418, 425–27 (1979); *Foucha*, 504 U.S. at 81–83; *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011); *Hernandez*, 872 F.3d at 990–94. Petitioner acknowledges that *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), held that due process did not require a clear-and-convincing burden at a *second* bond hearing for a petitioner with a criminal history who had already received one hearing at which he bore the burden. *Rodriguez Diaz* expressly preserved as-applied challenges and directed an individualized inquiry. *Id.* at 1207–08; see *id.*, 84 F.4th 894 (9th Cir. 2023) (Paez, J., statement respecting denial of rehearing en banc). Here, Petitioner has had no hearing of any kind, was lawfully admitted, has no criminal history, is 51 years old and in declining health, and has a demonstrated record of compliance; as applied to her, the *Mathews* factors require that the government bear the burden.

44. Respondents' detention of Petitioner without any individualized custody hearing, and without the procedural safeguards the Constitution requires at such a hearing, violates the Due Process Clause of the Fifth Amendment.

## COUNT THREE

**Substantive Due Process — Detention Not Reasonably Related to Any Legitimate Purpose**

**(Fifth Amendment; 28 U.S.C. § 2241)**

45. Petitioner realleges and incorporates the preceding paragraphs.

46. Civil immigration detention is permissible only insofar as it serves the government's legitimate interests in securing the noncitizen's appearance and protecting the public. *Zadvydas*, 533 U.S. at 690–91; *Demore*, 538 U.S. at 527–28. Detention that is not reasonably related to those purposes, or that is excessive in relation to them, is punitive and violates substantive due process. *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979); *Jones v. Blanas*, 393 F.3d 918, 932–34 (9th Cir. 2004).

47. Petitioner presents no danger to anyone. She presents no meaningful risk of flight: she has a pending affirmative asylum application that is her only path to protection, active removal proceedings she must attend to pursue it, a fixed residence, counsel, a church community, and a compliance record so complete that ICE could locate and arrest her only because she appeared at a government-scheduled appointment. Any residual risk can be fully addressed by conditions of release. Meanwhile, her detention affirmatively harms her: she is 51 years old, suffers from hypertension, and her physical and mental health have deteriorated markedly at Adelanto. Her continued detention bears no reasonable relation to any legitimate governmental purpose and is therefore unlawful.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Pursuant to 28 U.S.C. § 2243, issue an Order to Show Cause directing Respondents to file a return within three days of service, and set this matter for hearing at the earliest practicable date;

c. Declare that Petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or any other provision;

d. Declare that Respondents' detention of Petitioner without an individualized custody hearing violates the Immigration and Nationality Act and the Fifth Amendment;

e. Issue a writ of habeas corpus ordering Respondents to release Petitioner forthwith under reasonable conditions of supervision;

f. In the alternative, order Respondents to provide Petitioner, within seven (7) days, an individualized custody hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, and at which the Immigration Judge considers alternatives to detention and Petitioner's ability to pay any bond; and order that if no such hearing is provided within seven days, Petitioner be released;

g. Enjoin Respondents from transferring Petitioner outside the Central District of California during the pendency of this action;

h. Order Respondents to ensure that, while any detention continues, Petitioner receives adequate medical care, including consistent monitoring and medication for her hypertension;

i. Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

j. Grant such further relief as the Court deems just and proper.

Dated: August 26, 2026

Respectfully submitted,

/s/ Guofeng Li
GUOFENG LI, ESQ. (CA SBN 343936)
VIP LAW GROUP PC
Attorney for Petitioner ZI HE

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am the attorney for Petitioner DONGYAN LIN and submit this verification on her behalf pursuant to 28 U.S.C. § 2242 because she is detained at the Adelanto ICE Processing Center and cannot readily sign this petition. I have discussed the facts stated in this Petition with Petitioner and with her husband, Yun Kang, and have reviewed the documents attached as exhibits. I verify under penalty of perjury under the laws of the United States that the factual statements in this Petition are true and correct to the best of my knowledge, information, and belief.

Executed on August 26, 2026, at Farmingdale, New York.

*/s/ Guofeng Li*
GUOFENG LI, ESQ.

**CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 5.2**

Counsel certifies that this Petition and the accompanying exhibits have been redacted in accordance with Fed. R. Civ. P. 5.2(a) and Local Rule 5.2-1. The minor child is identified by initials only; dates of birth are identified by year only; and Social Security numbers and financial account numbers have been omitted. Unredacted copies are maintained by counsel and will be lodged under seal upon request of the Court.

## INDEX OF EXHIBITS

Exhibit A Form I-797C, ASC Appointment Notice and Form I-589 Receipt (July 23, 2026)

Exhibit B ICE Online Detainee Locator Record (August 2026)

Exhibit C EOIR Automated Case Information (August 22, 2026)